**CITY OF KANSAS CITY,**
**Missouri, Respondent,**

v.

**Stephen P. TAYLER, Appellant.**

**No. WD 35823.**

Missouri Court of Appeals,
Western District.

Jan. 29, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied April 2, 1985.

Application to Transfer Denied
May 29, 1985.

L.R. Magee, Hines & Magee, Kansas City, for appellant.

Richard N. Ward, City Atty., Kansas City, George L. Sharp, City Pros., Edward B. Rucker, Asst. City Pros., for respondent.

Before KENNEDY, P.J., TURNAGE, C.J., and DIXON, J.

TURNAGE, Chief Judge.

Stephen Tayler was found guilty in municipal court of keeping, maintaining, and pasturing a horse within 200 feet of the residence of a neighbor. On trial de novo, the circuit court found Tayler guilty and fined him $500 and sentenced him to 180 days at the municipal farm. The court suspended the confinement and placed Tayler on probation.

Tayler contends that his conviction cannot stand because his property was zoned for agricultural use, and an ordinance that requires him to keep his horse 200 feet from other residences is invalid, constitutes a taking of his land, and conflicts with state statutes dealing with fences. Affirmed.

At trial, Tayler admitted that he owned land adjacent to land owned by Francis Johnson. Tayler does not dispute that the distance from Johnson's house to the fence dividing the two properties is 47′6″, and that Tayler's horse has free run of the Tayler property up to this fence.

The City presented evidence that Tayler's horse is able to reach over the fence to eat grass and rose bushes on the Johnson property. The droppings that accumulate near the fence between the two properties attract flies and create odor. At one time, Tayler kept a pig within 200 feet of the Johnson house, which caused similar fly and odor problems.

Further, Tayler does not dispute that the City has a general ordinance prohibiting the keeping, maintaining, and pasturing of livestock, including horses and swine, within 200 feet of the nearest portion of a residence other than that of the keeper.

With no dispute on the facts, Tayler contends that because his property is zoned for agricultural use, and this zoning allows him to breed and raise livestock on his land, the ordinance requiring him to keep animals 200 feet from the Johnson residence is invalid as applied to him. Tayler's argument is answered by § 89.130, RSMo 1978 which provides:

> Wherever the regulations made under authority of sections 89.010 to 89.140 require a greater width or size of yards, courts, or other open spaces, or require a lower height of building or less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards than are required in any other statute or local ordinance or regulation, the provisions of the regulations made under authority of sections 89.010 to 89.140 shall govern. Wherever the provisions of any other statute or local ordinance or regulation require a greater width or size of yards, courts, or other open spaces, or require a lower height of building or a less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards than are required by the regulations made under authority of sections 89.010 to 89.140, the provisions of such statute or local ordinance or regulation shall govern.

That section applies to all cities in the state. The state has clearly granted to the cities the authority to enact ordinances which impose higher standards than are required by zoning ordinances. Thus, the provisions of a zoning ordinance are not conclusive, and other ordinances may impose higher standards. In this case, the City has zoned Tayler's land for agriculture, which allows him to keep livestock on his land; but by another ordinance, the City requires the livestock to be kept 200 feet from other residences. Under § 89.130, the ordinance requiring animals to be kept 200 feet from other residences imposes a higher standard, and thus prevails over the zoning ordinance.

Tayler next contends that because the effect of the City's ordinance is to deprive him of the right to allow livestock up to his fence line, this constitutes a taking of the part of his property which lies within 200 feet of the Johnson house. It has long been settled in this state that the valid exercise of the police power is not a

taking of private property for public use. *State ex rel. Doniphan Telephone Co. v. Public Service Commission*, 369 S.W.2d 572, 575[4, 5] (Mo.1963). The ordinance constituted a valid exercise of the City's police power. The evidence in this case confirms the necessity of such ordinances in light of the fly and odor problems which occur when animals are kept within close proximity to residences. The ordinance as applied to Tayler did not constitute the taking of Tayler's property for either public or private use, and did not constitute inverse condemnation.

■ Tayler finally contends that the ordinance conflicts with §§ 270.010, 270.060, 272.010, and 272.020, RSMo 1978. These sections all concern fences and enclosures. The ordinance does not contain any provisions contrary to those statutes, and thus does not conflict with them.

The judgment is affirmed.

All concur.